FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

11 NOV 28 PM 1:58

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                             No. CV 11-0661 RB/KBM
                             CR 09-0678 RB

ERIC RAYMOND MACIAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's Motion To Show Cause (CV Doc. 4; CR Doc. 49). The Court construes the motion as a response to the Court's Order entered on September 19, 2011, that required Defendant to show cause why his Motion Under Title 28 USC § 2255 To Vacate, Set Aside And Correct Sentence should not be dismissed as untimely. The response does not show cause for the untimely filing, and the Court will dismiss Defendant's § 2255 motion.

In his § 2255 motion Defendant alleges that, during his sentencing hearing, the Court granted his request to participate in a BOP 500-hour Drug Program. Neither the sentencing minutes (CR Doc. 43) nor the criminal judgment (CR Doc. 44) makes any mention of a prison drug program.[1] During his incarceration, Defendant's application for the program was denied by prison officials because his presentence report "showed that he was enhanced two points for a gun possession during the commission of the crime." Defendant alleges that he only learned of the enhancement when he applied for the program, and he claims that his counsel provided ineffective assistance by failing to

show him the presentence report before sentencing. He further asserts that the gun enhancement was a clerical error. He should therefore be allowed to participate in a prison drug program, which would result in eligibility for reduction of his prison term.

In his response to the order to show cause, Defendant asserts that equitable tolling should excuse the late filing of his § 2255 motion. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.' " *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Defendant alleges that he diligently pursued his claims, but the failure of counsel and others to advise him of the gun enhancement prevented him from filing a timely § 2255 motion.

On the other hand, in both of his motions Defendant states that he applied for the drug program and learned of the gun enhancement "at the beginning of 2011." He did not file his § 2255 motion until July 27, 2011, and he makes no allegation that other circumstances during the first seven months of 2011 prevented him from filing. Defendant's response does not make an adequate showing of extraordinary circumstances or diligent pursuit of his claims. *See Gabaldon*, 522 F.3d at 1125-27 (discussing extraordinary circumstances and diligent efforts); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010) (dicta). The Court will dismiss the § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under Title 28 USC § 2255 To Vacate, Set Aside And Correct Sentence (CV Doc. 1; CR Doc. 47) is DISMISSED with prejudice as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The judgment (CR Doc. 44 at 4) requires, as a special condition of Defendant's post-confinement supervised release, that he "participate in and successfully complete a substance abuse treatment program."